**FILED**
JAN 1 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>            Plaintiff,                           )<br>                                                              )<br>     v.                                                  )<br>                                                              )<br>                                                              )<br> Ricardo FIGUEROA-Moreno (2),    )<br>                                                              )<br>            Detention.                         )<br>_____) | Magistrate Case No. 08MJ8001<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on January 8, 2008, to determine whether defendant Ricardo FIGUEROA-Moreno should be held in custody pending trial on the ground that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Matthew Hagen of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the criminal complaint issued against the Defendant on January 3, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

## FINDINGS OF FACT

A.  <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1. The Defendant is charged in Criminal Complaint No. 08MJ8001 with possession with intent to distribute a controlled substance 1,738.68 kilograms (3,833.79 pounds) of marijuana in violation of 21 U.S.C. § 841(a)(1). Therefore, probable cause exists to believe the Defendant committed the alleged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). <u>See</u> 21 U.S.C. § 841(b)(1)(A). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. According to the United States Sentencing Guidelines, the Base Offense level for the offense is 32 <u>See</u> USSG § 2D1.1. Even assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u> USSG § 4A1.1., the sentencing range for the Defendant is 121-151 months in prison.

B.  <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)</u>

1. The weight of the evidence against the Defendant is strong. On January 2, 2008, the Drug Enforcement Administration (DEA) received information from an individual who stated he had observed a large amount of taped bundles at a residence located at 1711 Lenrey Avenue, El Centro, California 92243. DEA agents along with Imperial Country Sheriff's Office and El Centro Police Department received consent from Defendant (1) Daniel FIGUEROA-Moreno, via telephone, to search the residence. A search of the residence revealed 1,738.68 kilograms (3,833.79 pounds) of marijuana discovered in three rooms of the residence.

2. The two occupants of the residence, Defendant (2) Ricardo FIGUEROA-Moreno and Defendant (3) CORONA-Cordova were immediately detained upon the discovery of the marijuana. Defendant (1) Daniel FIGUEROA-Moreno was located shortly thereafter on a traffic stop after being observed by agents driving slowly past the residence. Defendant (2) Ricardo FIGUEROA-Moreno denied knowledge of the marijuana at the residence and stated his brother Daniel told him (Ricardo) that

he (Daniel) was doing something bad. Daniel stated that he informed Ricardo and CORONA-Cordova that he kept marijuana at the residence and they could remain at the residence while they located jobs.

  C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>

    1. The Defendant is a citizen of Mexico.

    2. The Defendant lists both Redlands, California and El Centro as his residence.

    3. The Defendant has no legal right to remain or work in the United States, as he only possesses a Border Crossing Card.

  D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

    1. Other than that the charged crime is a drug trafficking offense, the Government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

09/05/05 - 12500 VC Unlicensed Driver

   - 22349 VC Exceeding the maximum speed limit

   - El Centro Municipal Court Case # CM 20324 - Fine

10/14/05 - San Bernardino 16028 VC Failure to provide Evidence of Financial responsibility

   - 40508 VC Failure to appear after signing citation on court continuance

   - San Bernardino Case # 88508 Failure to Appear - Remains outstanding

## II
### REASONS FOR DETENTION

  A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8001, namely, possession with intent to distribute a controlled substance 1,738.68 kilograms (3,833.79 pounds) of marijuana in violation of 21 U.S.C. § 841(a)(1).

  B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, he faces a potential mandatory minimum sentence of 10 years imprisonment. He therefore has a strong motive to flee.

  C. The Defendant has no legal right to remain in the United States; therefore, Defendant would have a strong motive to flee.

D. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: January __11__, 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

John F. Weis
Assistant U. S. Attorney

cc: Matthew Hagen
    Federal Defenders of San Diego, Inc.

4